**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1267**

---

FLORIDALMA LEON-OLIVA; E.R.L.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  November 14, 2024                    Decided:  November 18, 2024

---

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF**:  Alexandra Ribe, Simon Sandoval-Moshenberg, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Floridalma Leon-Oliva and her minor son, E.R.L., natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's oral decision denying Leon-Oliva's applications[1] for asylum and withholding of removal.[2]  We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the relevant factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive factual determination, affirmed by the Board, that Leon-Oliva did not establish her membership in the proposed particular social group of "Honduran women unable to leave their relationship."  Specifically, review of the merits hearing transcript confirms that Leon-Oliva (a) conceded on direct examination that, prior to leaving for the United States,

---

[1] Leon-Oliva's son was a rider on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and is identified as a petitioner in this court by his initials.  In response to Leon-Oliva's argument that the Board erred in not addressing a separate motion to remand filed on E.R.L.'s behalf, the Attorney General notes that a joint motion to sever and reopen E.R.L.'s proceedings is currently pending before the Board, which obviates any error in this regard. We encourage the Board to resolve the parties' joint motion as expeditiously as possible.

[2] We observe that Leon-Oliva has forfeited review of the denial of relief under the Convention Against Torture by failing to raise that issue in her brief in this court.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

she ended the relationship with her abusive former partner by moving 10 hours away; and (b) has had no contact with her former partner since leaving Honduras in 2015 and did not know where he was currently living. On this record, we find substantial evidence supports the agency's pivotal factual determination. *See Morales v. Garland*, 51 F.4th 553, 558 (4th Cir. 2022) (explaining that whether a noncitizen is a member of her proposed particular social group is a question of fact our review of which "is limited to whether there was 'substantial evidence' to support" it); *see also Madrid-Montoya v. Garland*, 52 F.4th 175, 179-80 (4th Cir. 2022) (observing that, "if the record plausibly could support two results: the one the [agency] chose and the one [the petitioner] advances," this court "must defer to the agency" (internal quotation marks omitted)).

Accordingly, we deny the petition for review. *See In re Leon-Oliva* (B.I.A. Mar. 5, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*